IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RENEE BUCO, on behalf of herself and others similarly situated,** ) ) ) | Case No. 2:22-cv-02005 |
| **Plaintiff,** ) ) ) | Magistrate Judge Kimberly A. Jolson |
| v. ) ) ) ) | |
| **KERRY INC.,** ) ) ) ) | **ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE** |
| **Defendant.** ) ) ) | |

**ORDER**

This matter is before the Court on the Parties' Joint Motion for Approval of Collective Action Settlement ("Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve as fair and reasonable the proposed settlement (the "Settlement") reached by the Parties and memorialized in the Collective Action Settlement Agreement and Release (the "Agreement"). Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Agreement.

Having reviewed the Joint Motion and its exhibits, the Agreement, the supporting declaration, and the pleadings and papers on file in this action, and for good cause established therein, the Court **APPROVES** the Joint Motion. In doing so, the Court **APPROVES** the Agreement, the proposed Notice of Settlement of Collective Action Lawsuit, the proposed Claim Form and Release, the proposed allocation and calculation of Settlement Awards, the Service Award to Representative Plaintiff, and the attorneys' fees and litigation expenses to Plaintiffs' Counsel.

In entering this Order, the Court finds as follows:

1. On April 20, 2022, Representative Plaintiff filed this lawsuit.

2. On October 4, 2023, the Parties engaged in an all-day mediation session under the direction of mediator Michael Russell.  The Parties settled this lawsuit at that mediation.

3. The total settlement amount is $170,000.00.  That amount does not include the required employer contributions with respect to any portion of the Settlement Award payments or Service Award payment treated as wages under IRS Form W-2.

4. The settlement will cover a collective defined as: All current and former employees of Kerry Inc. who worked 40 or more hours in any work week during the period of March 25, 2021, to November 23, 2022, at the Kerry's Byesville, Ohio, facility, and whose job duties involved the manufacturing, packaging, or handling of food or food products and who were required to don their sanitary clothing and wash their hands prior to the start of their shift or during their meal break, and doff their sanitary clothing after the end of their shift or during their meal break.  The Representative Plaintiff and the current Opt-In Plaintiffs are included in this collective, which is defined as the Eligible Settlement Participants.

5. Representative Plaintiff and the Eligible Settlement Participants are similarly situated.

6. The Court approves and authorizes the distribution of the Notice of Settlement of Collective Action Lawsuit that is attached to the Agreement to the Eligible Settlement Participants in the manner, and subject to the terms and conditions, set forth in the Agreement.

7. The Court approves and authorizes the distribution of the Claim Form and Release that is attached to the Agreement to Eligible Settlement Participants in the manner, and subject to the terms and conditions, set forth in the Agreement.

8. The Court approves the process outlined in the Agreement by which Eligible Settlement Participants become Claimants that are entitled to a Settlement Award payment.

9. Each Eligible Settlement Participant that completes a Claim Form and returns it in a timely manner (as required under the Agreement) will receive a Settlement Award Payment and will become a Claimant.

10. The Agreement provides that, in consideration of the total settlement amount and payment of the Settlement Award Payments to the Claimants, the action is to be **DISMISSED with prejudice.**

11. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Court finds that the Settlement resulted from arm's-length negotiations between experienced counsel after substantial investigation and mediation before a competent third-party neutral.

12. The Court has considered all relevant factors, including the risk, complexity, expense and likely duration of the litigation; the extent of investigation; the amount offered in the settlement; and the experience and views of the parties' counsel.

13. The Court finds that the total settlement amount of $170,000.00 is fair and reasonable.

14. The Court finds that the proposed allocation and calculation of the Settlement Award payments is fair and reasonable.

15. The Court approves the payment of attorneys' fees and litigation costs to Plaintiffs' Counsel and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

16. The Court approves the payment of the Service Payment to the Representative Plaintiff and orders that such Service Payment be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

17. The Court **DISMISSES** the claims of the Claimants **with prejudice** and enters final judgment dismissing them from the action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order immediately.

18. The Court retains jurisdiction over the action to enforce the terms of the Agreement, including, but not limited to, the administration of the settlement.

**IT IS SO ORDERED**.

Date: October 31, 2023

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE